Anthony C. MADU, Plaintiff–Appellant

v.

FORT WORTH POLICE DEPART-
MENT; Joni White, TDCJ Classifica-
tion Manager; Gene Messer, Dalhart
Unit Classification Officer; Steven
Gordon; Lateph Adeniji; U.S. Immi-
gration Agents, DHS/ICE, Defen-
dants–Appellees.

No. 13–11137

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 12, 2014.

Anthony C. Madu, Dalhart, TX, pro se.

Before DAVIS, SOUTHWICK, and
HIGGINSON, Circuit Judges.

PER CURIAM: *

Anthony C. Madu, Texas prisoner
# 1533348, appeals the district court's dis-
missal of his 42 U.S.C. § 1983 action pur-
suant to 28 U.S.C. § 1915A(b)(1) as frivo-
lous and for failure to state a claim upon
which relief may be granted. In his com-
plaint, Madu, a Nigerian citizen, alleged
that the defendants violated his rights un-
der Article 36 of the Vienna Convention by
failing to notify the Nigerian Consulate of
his arrest and by failing to notify him of
his right to consular access.

Madu argues that the district court
erred by dismissing his complaint because

Article 36 of the Vienna Convention creat-
ed an individually enforceable right. He
maintains that, under Texas law, the viola-
tion of Article 36 of the Vienna Convention
in his case should have resulted in the
suppression of all of the evidence against
him. For the first time on appeal, he
asserts that his guilty plea was constitu-
tionally invalid because his appointed coun-
sel did not inform him of his right to seek
consular assistance and did not warn him
of the immigration consequences of his
guilty plea.

We review the dismissal of Madu's com-
plaint de novo. See Velasquez v. Woods,
329 F.3d 420, 421 (5th Cir.2003). A claim
may be dismissed as frivolous if it does not
have an arguable basis in fact or law.
Gonzales v. Wyatt, 157 F.3d 1016, 1019
(5th Cir.1998). A claim may be dismissed
for failure to state a claim upon which
relief may be granted if, assuming all well
pleaded facts are true, the plaintiff has not
pleaded "enough facts to state a claim to
relief that is plausible on its face." In re
Katrina Canal Breaches Litig., 495 F.3d
191, 205 (5th Cir.2007) (internal quotation
marks and citation omitted).

While the International Court of Justice
has held that Article 36 of the Vienna
Convention created an individually en-
forceable right, that ruling is not enforce-
able in domestic courts. See Medellín v.
Texas, 552 U.S. 491, 504–12, 128 S.Ct.
1346, 170 L.Ed.2d 190 (2008). We have
consistently held that Article 36 of the
Vienna Convention did not create "judicial-
ly enforceable rights of consultation be-
tween a detained foreign national and his
consular office." United States v. Jime-
nez–Nava, 243 F.3d 192, 198 (5th Cir.
2001); see also Leal Garcia v. Quarter-

---

man, 573 F.3d 214, 218 n. 19 (5th Cir. 2009); *Medellín v. Dretke,* 371 F.3d 270, 280 (5th Cir.2004). We cannot consider Madu's claims that his counsel provided ineffective assistance by failing to advise him regarding Article 36 or the immigration consequences of his guilty plea because they were not raised in the district court. *See Leverette v. Louisville Ladder Co.,* 183 F.3d 339, 342 (5th Cir.1999).

Madu's appeal is without arguable merit and is frivolous. *See Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous and the district court's dismissal of the complaint both count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). Madu is cautioned that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.